UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

| | |
|---|---|
| USGEN NEW ENGLAND, INC., a Subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC., f/k/a PG&E NATIONAL ENERGY GROUP, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BENTLY NEVADA, LLC, f/k/a BENTLY NEVADA CORPORATION, LLC and BENTLY PRESSURIZED BEARING COMPANY, f/k/a BENTLY NEVADA CORPORATION,<br>　　　　　　　Defendants | **04   12629 RWZ**<br><br>NOTICE OF REMOVAL |

RECEIPT # _____
AMOUNT $ ___150.00___
SUMMONS ISSUED __N/A__
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. __M.P.__
DATE __13/16/04__

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

MAGISTRATE JUDGE __LPC__

The Defendants, Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation (the "Defendants") submit the following Notice of Removal pursuant to Fed. R. Civ. P. 81(c), and state as follows:

**I.   Introduction.**

1.   Plaintiff filed suit against the Defendants in a civil action entitled USGEN New England, Inc. and Gas Transmission, Inc. v. Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, Essex Superior Court, Civil Action No. 2004-02042-A (the "State Court Action").

2.   The Defendants hereby remove the State Court Action to the United States District Court for the District of Massachusetts.

## II.   Nature of Suit

3.   In Plaintiff's Complaint filed in the State Court Action, the Plaintiff has alleged, *inter alia*, that the Defendants were negligent in repairing and/or maintaining a monitoring system on a steam turbine, resulting in property and other damage.

4.   Although Plaintiff does not quantify its alleged damages, it has alleged facts which, if established, would provide a basis for over One Hundred Thousand ($100,000.00) Dollars in damages.  Hence, the amount in controversy in the State Court Action exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

## III.   Basis for Removal

5.   Removal is proper because there exists complete diversity of citizenship between the Plaintiff and the Defendants.  See 28 U.S.C. §1332.

6.   Plaintiff is a foreign corporation organized under the laws of the State of Delaware, and authorized to do business in Massachusetts.

7.   Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC is a foreign limited liability company with a principal place of business at 1631 Bentley Parkway South, Minden, Nevada, and authorized to do business in Massachusetts.

8.   Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, is a foreign corporation organized under the laws of the State of Nevada, and authorized to do business in Massachusetts.

9.   Since the Plaintiff does not share citizenship with either Defendant, and since the amount in controversy exceeds $75,000, the United States District Court for the District of Massachusetts has original jurisdiction over the subject matter of the claim alleged in the State Court Action on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332(a).

2

**IV.    This Notice of Removal is Procedurally Correct.**

10.    The Defendants, Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, consent to this removal as reflected by this Notice.

11.    The Defendants have attached an index of exhibits and a list of all counsel of record, including addresses, telephone numbers and parties represented.  The exhibits consist of all pleadings, process, and orders served upon such Defendants in the State Court Action as required by 28 U.S.C. 1446(a) and Local Rule 81.1 of the Rules of the District Court of Massachusetts.

12.    The Defendants were first notified of the State Court Action when one of the Defendants was served with a copy of the Summons and Complaint on or about November 15, 2004.  Accordingly, the Defendants have removed this action within the time permitted by 28 U.S.C. §1446(b).

13.    Pursuant to Local Rule 81.1(a), the Defendants have requested that the Clerk of the Essex County Superior Court prepare certified or attested copies of all records of proceedings in the State Court Action, and of all docket entries therein, and the Defendants shall file same within thirty (30) days of filing this Notice of Removal.

14.    Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a) because this District and Division embrace Essex County, Massachusetts where the State Court Action has been pending.

15.    The Defendants will properly file a copy of this Notice of Removal with the Clerk of the State Court in which the State Court Action has been pending and serve all removal documents to all counsel of record.  See 28 U.S.C. §1446(d).

16.    No act of Congress prohibits the removal of this action.

WHEREFORE, the Defendants, Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, respectfully give notice that the State Court Action has been removed from Essex County Superior Court to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1441, and requests that this Court assume jurisdiction over this lawsuit. The Defendants further request all such other relief, both general and special, at law and in equity, to which they may show themselves to be justly entitled.

BENTLY NEVADA, LLA, f/k/a BENTLY
NEVADA CORPORATION, LLC; AND
BENTLY PRESSURIZED BEARING
COMPANY, f/k/a BENTLY NEVADA
CORPORATION,

By their Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: December ___, 2004

Joseph R. Valle, Jr. - BBO No. 550291
Craig J. Ziady - BBO No. 565216
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

USGEN NEW ENGLAND, INC., a
Subsidiary of NATIONAL ENERGY &
GAS & GAS TRANSMISSION, INC.,
f/k/a PG&E NATIONAL ENERGY
GROUP, INC.,

          Plaintiff,

v.

BENTLY NEVADA, LLC, f/k/a BENTLY
NEVADA CORPORATION, LLC and
BENTLY PRESSURIZED BEARING
COMPANY, f/k/a BENTLY NEVADA
CORPORATION,

          Defendants



**CERTIFICATE OF SERVICE**

I, Craig J. Ziady, hereby certify that on this date, December 15, 2004, I served the

foregoing Notice of Removal by causing a copy of same to be delivered by first-class mail,

postage prepaid, to:

Brook F. Minx, Esquire
William T. Sebesta, Esquire
Donato, Minx & Brown
3200 Southwest Freeway
Suite 2310
Houston, TX  77027

Kathleen A. Kelley, Esquire
Hare & Chaffin
160 Federal Street
Boston, MA  02110

Craig J. Ziady

12581.629.867614.1

## Index of Documents

| Document | Exhibit |
|---|---|
| Summons to Bently Nevada LLC | A |
| Summons to Bently Pressurized Bearing Company | B |
| Complaint | C |
| Motion for Special Appointment of Process Server | D |
| Motion for Admission Pro Hac Vice | E |
| Declaration of William T. Sebesta | F |
| Declaration of Brook Minx | G |
| List of Counsel of Record | H |

867809.1

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-02042-A

USGEN NEW ENGLAND, INC. ........................................................................... Plaintiff(s)

v.

BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC:
AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY
NEVADA CORPORATION.................................................................., Defendant(s)

## SUMMONS

Bently Nevada JJC
Precision Corporate Services, Inc.
To the above named Defendant: 18 Tremond Street #146- Boston, MA  02108
                              Kathleen A. Kelley

You are hereby summoned and required to serve upon ___Hare & Chaffin_____, an answer to the

plaintiff's attorney, whose address is___160 Federal Street, Boston, MA_____

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

___Salem, MA_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Esquire, at Salem, the
day of _____, in the year of our Lord two thousand

A True Copy
Attest
ROBERT APPLEBAUM
CONSTABLE

Thomas N. Driscoll
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defence, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT  - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-02042-A

USGEN NEW ENGLAND, INC. ........................................................, Plaintiff(s)

v.

BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC;
and BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY ........, Defendant(s)
NEVADA CORPORATION

## SUMMONS

To the above named Defendant: Bently Pressurized Bearing Company
CT Corporation System
101 Federal Street, Boston, MA

You are hereby summoned and required to serve upon _____ Kathleen A. Kelley _____,

Hare & Chaffin
plaintiff's attorney, whose address is _160 Federal Street, Boston, MA_____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_Salem, MA_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, _____, Esquire, at Salem, the
day of _____, in the year of our Lord two thousand

A True Copy
Attest
ROBERT APPLEBAUM
CONSTABLE

*Thomas W. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____, 20___, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____, 20___    _____

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

11 / 19 / 2004

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, ss.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

A TRUE COPY
ATTEST
ROBERT A.
CONSTABLE

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

USGEN NEW ENGLAND, INC., a subsidiary
of NATIONAL ENERGY & GAS & GAS
TRANSMISSION, INC. f/k/a PG&E
NATIONAL ENERGY GROUP, INC.,

        Plaintiffs

v.

BENTLY NEVADA, LLC f/k/a BENTLY
NEVADA CORPORATION, LLC; AND
BENTLY PRESSURIZED BEARING
COMPANY f/k/a BENTLY NEVADA
CORPORATION,

        Defendants.

CIVIL ACTION NO. \_\_\_\_

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW USGEN New England, Inc., a subsidiary of National Energy &
Gas Transmission, Inc., formerly known as PG&E National Energy Group, Inc.,
complaining of Bently Nevada, LLC, formerly known as Bently Nevada Corporation
LLC, and Bently Pressurized Bearing Company, formerly known as Bently Nevada
Corporation, (collectively "the Bently defendants") and would show:

### INTRODUCTION

1.    USGEN New England brings this cause of action to recover damages that it
sustained when the Number 1 bearing of its Unit Number 2 steam turbine
failed and caused internal damage to the turbine and other property.

## PARTIES

2. Plaintiff, USGEN New England is a foreign corporation organized and existing under the laws of the State of Delaware, and at all material times hereto was authorized to do business in the State of Massachusetts.

3. Defendant, Bently Nevada, LLC, formerly known as Bently Nevada Corporation, LLC, is a foreign limited liability company organized and existing under the laws of the State of Delaware and at all material times hereto was doing business in Massachusetts.

4. Defendant, Bently Pressurized Bearing Company, formerly known as Bently Nevada Corporation, is a foreign corporation organized and existing under the laws of the State of Nevada and at all material times hereto was doing business in Massachusetts.

## VENUE AND JURISDICTION

5. The Court has jurisdiction over the defendants because each defendant does business in the State of Massachusetts. The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of the Court.

6. Venue is proper in Essex County, Massachusetts, because all or a substantial part of the events giving rise to this claim occurred in Essex County, Massachusetts.

## FACTUAL ALLEGATIONS

7. At all times material hereto, USGEN operated the Salem Harbor Energy Plant, located in Salem, Massachusetts.

2

8.   In or around August 2001, USGEN hired the Bently defendants to upgrade the TSI monitoring system installed on the number 1 bearing of the unit number 2 turbine located at the Salem Harbor Energy Plant.

9.   Before the Bently defendants began work, USGEN provided the Bently defendants with engineering diagrams of the system. These diagrams illustrated that the oil supply to the bearing was located at the top of the bearing as opposed to other models that received oil from a supply source on the side of the system.

10.  During the upgrade, the Bently defendants removed the pre-existing probe that ran through the outer housing and replaced it with a probe mounted wholly inside the housing.

11.  Removing the existing probe left holes in the housing that needed to be plugged. In order to plug these holes, the Bently defendants tapped the holes and inserted the plugs. While tapping and plugging the holes, the Bently defendants also tapped and plugged the access hole to the oil supply that was located at the top of the bearing thereby preventing proper bearing lubrication.

12.  On December 18, 2001, the unit number 2 Steam Turbine was restarted following the service and upgrade work. When the system was started for testing, there was no way to tell that the bearing was not properly lubricated, and because the system was run at a very low speed for testing purposes, the internal temperature never rose to a level of concern.

13.  During that start-up, the number one bearing located within the Front Standard began to vibrate beyond the alarm limit. As a result, the unit tripped due to

3

excessive vibrations and Siemens Westinghouse's on-site technicians began to troubleshoot the problem.

14. During this time, the lube oil filters, and reservoir were immediately checked for metallic debris with material found within the strainers for the main lube oil tank.

15. There were further indications of damage when the number 1 bearing ring was removed and babbit material was present on the number 1 journal. Further disassembly confirmed the failure of the number 1 bearing as a result of an absence of lube oil.

16. USGEN made arrangements to expedite the refurbishment of the number 1 bearing and this was completed within three days. The unit number 2 was rolled up to 3600 RPM to complete balance checks and testing of the TSI system. When the number 2 steam turbine was restarted and brought up on load, the thrust bearing failed due to previously undetected damage to the LP, IP and HP seals.

17. Damage to the number 2 thrust bearing restricted output of the unit number 2 to approximately 65 MW. The unit was operated in a de-rated capacity until permanent repair work could be scheduled in April 2002.

18. The investigation revealed that the failure of the Number 1 Bearing was a result of an absence of lube oil. Moreover, the investigation revealed that the lack of oil was caused by the Bently defendants' improper plugging and/or sealing of the lube oil supply opening during their work on the Number 1 Bearing.

4

19.   As a result of the Bently defendants' work, USGEN sustained property damage to its Number 2 steam turbine at its Salem Harbor Energy Plant, located in Salem, Massachusetts.

### Count 1
### Negligence

20.   As and for its first cause of action against the Bently defendants, USGEN re-states, re-alleges and incorporates by reference the previous paragraphs, 1 through 19, above, as if set forth fully herein.

21.   The Bently defendants owed a duty to exercise reasonably prudent and ordinary care in the performance of its work on USGEN's equipment.

22.   The Bently defendants breached this duty by failing to act as a reasonably prudent person would have under the same or similar circumstances.

23.   The Bently defendants' negligent acts or omissions include, but are not limited to:

    a.   plugging the lube oil supply opening;

    b.   failing to make sure that the lube oil supply opening was not plugged;

    c.   failing to identify the lube oil supply opening to ensure that it would not be plugged;

    d.   failing to train its agents, employees, and/or representatives of the importance of not plugging the lube oil supply opening;

    e.   failing to tell USGEN that the lube oil supply opening had been plugged; and

f.    otherwise failing to use due care under the circumstances.

24.    Each of the above-referenced acts and omissions were committed by and through the Bently defendants' agents, employees, servants, and/or authorized representatives, acting in the course and scope of their respective employments, individually and/or collectively, and singly or in combination with others, constituted negligence, which proximately caused the damages suffered by USGEN, which are in excess of the minimum jurisdictional limits of this Court. As a proximate result of the Bently defendants' conduct as described above, USGEN sustained damages to its equipment and property, including cost of repairs to USGEN's equipment and/or cost to replace USGEN's equipment, and also an interruption to its business.

### Count 2: Breach of Implied Warranty of Good and Workmanlike Performance

25.    As and for its second cause of action against the Bently defendants, USGEN re-states, re-alleges and incorporates by reference the previous paragraphs, 1 through 24, above, as if set forth fully herein.

26.    The Bently defendants impliedly warranted that they would perform their work in a good and workmanlike manner.

27.    The Bently defendants breached this implied warranty in one or more of the following respects:

a.    plugging the lube oil supply opening;

b.    failing to make sure that the lube oil supply opening was not plugged;

c.    failing to identify the lube oil supply opening to ensure that it would not be plugged;

6

d.  failing to train its agents, employees, and/or representatives of the importance of not plugging the lube oil supply opening;

e.  failing to tell USGEN that the lube oil supply opening had been plugged; and

f.  otherwise failing to use due care under the circumstances.

28.  Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the implied warranty, which proximately caused the damages suffered by USGEN, which are in excess of the minimum jurisdictional limits of this Court. As a proximate result of the Bently defendants' conduct as described above, USGEN sustained damages to its equipment and property, including cost of repairs to USGEN's equipment and/or cost to replace USGEN's equipment, and also an interruption to its business.

## Count 3: Gross Negligence

29.  As and for its third cause of action against the Bently defendants, USGEN re-states, re-alleges and incorporates by reference the previous paragraphs, 1 through 28, above, as if set forth fully herein.

30.  USGEN would further show that the occurrence that forms the basis of this suit was proximately caused by the willful acts and omissions and gross negligence of the Bently defendants.

31.  For these reasons, USGEN is entitled to recover exemplary and punitive damages in addition to the amount of its actual damages. As a proximate result of the Bently defendants' conduct as described above, USGEN sustained

damages to its equipment and property, including cost of repairs to USGEN's
equipment and/or cost to replace USGEN's equipment, and also an
interruption to its business.

### Count 4: Negligent Misrepresentation

32.     As and for its fourth cause of action against the Bently defendants, USGEN
re-states, re-alleges and incorporates by reference the previous paragraphs, 1
through 31, above, as if set forth fully herein

33.     The representations of the Bently defendants, both written and oral, were
false.

34.     These representations were made by the Bently defendants, by and through
their representatives, agents, servants, employees and/or subcontractors, in the
course of the Bently defendants' business and more specifically without
limitation, in the product and service transaction in which the Bently
defendants had a pecuniary interest.

35.     These representations supplied false information for the guidance of USGEN
in its business and guidance, in particular, regarding construction, reliability,
design, welding procedures, welding techniques, manufacture, process
control, protection and safety of the product.

36.     In this context, the Bently defendants did not exercise reasonable care or
competence in obtaining or communicating the information.

37.     As a consequence, USGEN suffered pecuniary loss as described herein, by
justifiably relying on the Bently defendants' communications, all to USGEN's
detriment. As a proximate result of the Bently defendants' conduct as

described above, USGEN sustained damages to its equipment and property, including cost of repairs to USGEN's equipment and/or cost to replace USGEN's equipment, and also an interruption to its business.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated: November **5**, 2004

Respectfully submitted,

USGEN NEW ENGLAND, INC.

Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
Tel. 617-330-5000

And

Brook F. Minx
Texas Bar No. 00789905
William T. Sebesta
Texas Bar No. 00784941
DONATO, MINX and BROWN
3200 Southwest Freeway — Ste. 2310
Houston, TX 77027-1112
Tel. 713-877-1112
Fax. 713-877-1138

453001.110403

COMMONWEALTH OF MASSACHUSETTS



ESSEX, SS.                              SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT

USGEN NEW ENGLAND, INC., a subsidiary )
of NATIONAL ENERGY & GAS & GAS        )
TRANSMISSION, INC. f/k/a PG&E         )
NATIONAL ENERGY GROUP, INC.,          )
                                      )
                   Plaintiffs         )
                                      )            CIVIL ACTION NO. _____
v.                                    )
                                      )
BENTLY NEVADA, LLC f/k/a BENTLY       )
NEVADA CORPORATION, LLC; AND          )
BENTLY PRESSURIZED BEARING            )
COMPANY f/k/a BENTLY NEVADA           )
CORPORATION,                          )
                                      )
                   Defendants.        )
                                      )

## MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, Plaintiff, USGEN

New England, Inc. ("USGEN"), respectfully moves the Court to appoint Applebaum &

Applebaum, Constables, to serve process in this action.

In support of this motion, USGEN states that, to the best of its knowledge and belief, the

persons to be appointed process servers are experienced in the service of process, are eighteen

years old or over and have no interest in this action, and that service of process in this action will

be facilitated by such appointment.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC. f/k/a PG&E NATIONAL ENERGY GROUP, INC., <br><br> Plaintiffs <br><br> v. <br><br> BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC; AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY NEVADA CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 2004-02042-A |

## MOTION FOR ADMISSION PRO HAC VICE

Plaintiff, USGEN New England, Inc., ("USGEN"), by its undersigned counsel, moves, pursuant to Mass. Gen. Laws ch. 221, § 46A, for an order permitting William T. Sebesta and Brook F. Minx to appear on its behalf in this matter. The grounds for this motion, as set forth in the attached Declarations of William T. Sebesta and Brook F. Minx, are:

1.      Under M.G.L. Ch. 221, § 46A, a member in good standing of the bar of another state may appear, by permission of the court, in any case in a court of the Commonwealth, provided the other state grants like privileges to members of the bar of the Commonwealth.

2.    William T. Sebesta and Brook F. Minx are members in good standing of the Bar of the State of Texas. (See Declarations of William T. Sebesta and Brook F. Minx, attached hereto as Exhibits A and B, respectively.)

3.    Rule XIX of the Rules Governing Admission to the Bar of Texas permits members in good standing of the bars of other states to appear pro hac vice in the courts of the State of Texas.

WHEREFORE, USGEN respectfully requests that the Court permit William T. Sebesta and Brook F. Minx to appear on its behalf in this matter.

Dated: November 23, 2004

Respectfully submitted,

USGEN NEW ENGLAND, INC.

Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
Tel. 617-330-5000

And

Brook F. Minx
Texas Bar No. 00789905
William T. Sebesta
Texas Bar No. 00784941
DONATO, MINX and BROWN
3200 Southwest Freeway – Ste. 2310
Houston, TX 77027-1112
Tel. 713-877-1112
Fax. 713-877-1138

2

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, first-class postage prepaid on November 23, 2004, to the following entities:

Bently Nevada LLC
1631 Bently Parkway
Minden NV 89423

Bently Pressurized Bearing Company
1617 Water Street
Minden, NV 89423

Kathleen A. Kelley

453001.110403

3

DEC 15 2004 14:05 FR GE POWER-LEGAL DEPT770 859 6212    0 916176923442    P.08
SENT BY: BENTLY NEVADA GE              ;      (75 215 2001)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC. f/k/a PG&E NATIONAL ENERGY GROUP, INC., <br><br>   Plaintiffs <br><br> v, <br><br> BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC; AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY NEVADA CORPORATION, <br><br>   Defendants. | CIVIL ACTION NO. 2004-02042-A |

## DECLARATION OF WILLIAM T. SEBESTA IN
## SUPPORT MOTION FOR ADMISSION PRO HAC VICE

I, William T. Sebesta, declare, under the penalties of perjury, as follows:

1. I am a member of the firm of Donato, Minx and Brown, P.C., 3200 Southwest Freeway – Ste. 2310, Houston, Texas 77027-1112.

2. I am a member in good standing of the Bar of the State of Texas (1992). I am also admitted to practice in the United States District Court Northern District of Texas, United States District Court Southern District of Texas, United States District Court Western District of Texas, United States District Court Eastern District of Texas, and the United States Court of Appeals for the Fifth

DEC 15 2004 14:05 FR GE   OWER-LEGAL DEPT770 859 6212   ) 916176923442   P.09
SENT BY: BENTLY NEVADA GE        ;      775 215 2001;

Circuit. No disciplinary proceedings are pending against me as a member of

the bar in any jurisdiction.

3.   Rule XIX of the Rules Governing Admission to the Bar of Texas,

"Requirements for Participation in Texas Proceedings by Non-Resident

Attorneys," permits members in good standing of the bars of other states to

appear pro hac vice in the courts of the State of Texas.

4.   For the foregoing reasons, I respectfully request that this Court allow me to

appear and practice in this matter on behalf of USGEN.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS /9ᵗʰ DAY OF NOVEMBER, 2004.

William T. Sebesta

453.001.110804

2

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

| | |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC. f/k/a PG&E NATIONAL ENERGY GROUP, INC., <br><br>         Plaintiffs <br><br> v. <br><br> BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC; AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY NEVADA CORPORATION, <br><br>         Defendants. | CIVIL ACTION NO. 2004-02012-A |

## DECLARATION OF BROOK F. MINX IN
## SUPPORT MOTION FOR ADMISSION PRO HAC VICE

I, Brook F. Minx, declare, under the penalties of perjury, as follows:

1.    I am a member of the firm of Donato, Minx and Brown, P.C., 3200 Southwest Freeway – Ste. 2310, Houston, Texas 77027-1112.

2.    I am a member in good standing of the Bar of the State of Texas (1994). I am also admitted to practice in the United States Supreme Court, United States Court of Appeals for the Fifth Circuit, and the United States District Court for the Southern District of Texas. No disciplinary proceedings are pending against me as a member of the bar in any jurisdiction.

3.  Rule XIX of the Rules Governing Admission to the Bar of Texas,

    "Requirements for Participation in Texas Proceedings by Non-Resident

    Attorneys," permits members in good standing of the bars of other states to

    appear pro hac vice in the courts of the State of Texas.

4.  For the foregoing reasons, I respectfully request that this Court allow me to

    appear and practice in this matter on behalf of USGEN.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 19 DAY OF NOVEMBER, 2004

Brook F. Minx

453.001.110804

2

## COUNSEL OF RECORD

For Plaintiff:

Brook F. Minx, Esquire
William T. Sebesta, Esquire
Donato, Minx & Brown
3200 Southwest Freeway
Suite 2310
Houston, TX 77027
713-877-1112

Kathleen A. Kelley, Esquire
Hare & Chaffin
160 Federal Street
Boston, MA 02110
617-330-5000

For Defendants:

Craig J. Ziady, Esquire
Joseph R. Valle, Jr., Esquire
Riemer & Braunstein LLP
3 Center Plaza
Boston, MA 02110
617-523-9000

12581.629.867800.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __USGEN New England, Inc. v.__
   __Bently Nevada LLC__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT

   ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases.

   _X_   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?

                                                                YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?    (SEE 28 USC §2403)

                                                                YES          (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                                YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?

                                                                YES          (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).                                              OR DO BUSINESS?
                                                               (YES)         NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE? OR DO BUSINESS?

        EASTERN DIVISION              CENTRAL DIVISION              WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION              CENTRAL DIVISION              WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Craig J. Ziady of Riemer & Braunstein LLP__
ADDRESS __3 Center Plaza, Boston, MA 02108__
TELEPHONE NO. __617-523-9000__

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

USGEN New England, Inc., a Subsidiary of National Energy & Gas & Gas Transmission, Inc., f/k/a PG&E National Energy Group, Inc.

**(b)** County of Residence of First Listed Plaintiff ___Delaware___
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC; and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation

County of Residence of First Listed ___Douglas County, Nevada___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kathleen A. Kelley
Hare & Chaffin
160 Federal St., Boston, MA 02110
(617) 330-5000

Attorneys (If Known)

Joseph R. Valle, Jr./Craig J. Ziady
Riemer & Braunstein LLP
Three Center Plaza, Boston, MA 02108
(617) 523-9000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☒ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### OTHER STATUTES

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS

☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Defendants seek to remove this case to United States District Court for the District of Massachusetts under 28 U.S.C. Sections 1332 and 1441

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE ___

DOCKET NUMBER ___

DATE
December 15, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____