ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2004-02042
## USGEN New England Inc v Bently Nevada LLC et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 11/08/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 12/21/2004 | **Session** | A - Civil-CtRm 2 -rear (Salem) | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 02/06/2005 | **Answer** | 04/07/2005 | **Rule12/19/20** | 04/07/2005 |
| **Rule 15** | 04/07/2005 | **Discovery** | 09/04/2005 | **Rule 56** | 10/04/2005 |
| **Final PTC** | 11/03/2005 | **Disposition** | 01/02/2006 | **Jury Trial** | Yes |

**Plaintiff**
USGEN New England Inc
a subsidiary of National Energy & Gas Transmission
Inc
Active 11/08/2004

**Alias plaintiff name**
PG&E National Energy Group Inc
Active 11/08/2004

**Defendant**
Bently Nevada LLC
Served: 11/18/2004
Served (answr pending) 11/22/2004

**Alias defendant name**
Bently Nevada Corporaton LLC
Active 11/08/2004

**Private Counsel 562342**
Kathleen A Kelley
Hare & Chaffin
160 Federal Street
23rd floor
Boston, MA 02110-1832
Phone: 617-330-5000
Fax: 617-330-1996
Active 11/08/2004 Notify

**Private Counsel 550291**
Joseph R Valle Jr
Riemer & Braunstein
3 Center Plaza
Boston, MA 02108-2003
Phone: 617-523-9000
Fax: 617-880-3456
Active 12/21/2004 Notify

TRUE COPY ATTEST
Becca Matup
DEPUTY ASST. CLERK

## ESCV2004-02042
## USGEN New England Inc v Bently Nevada LLC et al

| | |
|---|---|
| **Defendant**<br>Bently Pressurized Bearing Company<br>Served: 11/15/2004<br>Served (answr pending) 11/22/2004 | **Private Counsel 550291**<br>Joseph R Valle Jr<br>Riemer & Braunstein<br>3 Center Plaza<br>Boston, MA 02108-2003<br>Phone: 617-523-9000<br>Fax: 617-880-3456<br>Active 12/21/2004 Notify |
| **Alias defendant name**<br>Bently Nevada Corporation<br>Active 11/08/2004 | |

| Date | Paper | Text |
|---|---|---|
| 11/08/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 11/08/2004 | | Origin 1, Type B04, Track F. |
| 11/08/2004 | 2.0 | Plaintiff USGEN New England Inc's MOTION for appointment of special process server Applebaum & Applebaum, Constables |
| 11/08/2004 | | MOTION (P#2) ALLOWED (Richard Welch, III, Justice) Notices mailed November 08, 2004 |
| 11/22/2004 | 3.0 | SERVICE RETURNED:  Bently Pressurized Bearing Company(Defendant) service on 11/15/2004  by In hand to: Allison Liberto, service process person in chare at time of service Filed 11/22/2004 |
| 11/22/2004 | 4.0 | SERVICE RETURNED:  Bently Nevada LLC(Defendant) service made on 11/18/2004 by In hand to:  Stephen Sperchelozzi, Research  Precision Corporation Svs registered agent  person in charge at time of service.  Filed 11/22/2004 |
| 11/29/2004 | 5.0 | Plaintiff USGEN New England Inc's MOTION to admit William T. Sebesta and Brook F. Minx as counsel Pro Hac Vice for USGEN New England Inc, declaration of William T. Sebesta in support motion for admission Pro Hac Vice, declaration of Brook F. Minzzx in support motion for admission Pro Hac Vice. filed 11/24/04 |
| 12/01/2004 | | MOTION (P#5) DENIED for failure to comply with rule 9A. (Richard Welch, III, Justice) Notices mailed December 01, 2004 |
| 12/02/2004 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 12/02/2004 | | One Trial case upon review of judge, the case remains in Superior Court. (Richard Welch, III, Justice) |
| 12/21/2004 | 6.0 | Notice for Removal to the United States District Court filed by Bently Nevada LLC, Bently Pressurized Bearing Company filed 12/17/04 docket #04-12629 RWZ |
| 12/21/2004 | | Case REMOVED this date to US District Court of Massachusetts filed 12/17/04 |

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

**ESCV2004-02042**
**USGEN New England Inc v Bently Nevada LLC et al**

**A**

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

| | |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC. f/k/a PG&E NATIONAL ENERGY GROUP, INC.,<br><br>          Plaintiffs<br><br>v.<br><br>BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC; AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY NEVADA CORPORATION,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW USGEN New England, Inc., a subsidiary of National Energy & Gas Transmission, Inc., formerly known as PG&E National Energy Group, Inc., complaining of Bently Nevada, LLC, formerly known as Bently Nevada Corporation LLC, and Bently Pressurized Bearing Company, formerly known as Bently Nevada Corporation, (collectively "the Bently defendants") and would show:

## INTRODUCTION

1.    USGEN New England brings this cause of action to recover damages that it sustained when the Number 1 bearing of its Unit Number 2 steam turbine failed and caused internal damage to the turbine and other property.

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

<u>PARTIES</u>

2.   Plaintiff, USGEN New England is a foreign corporation organized and
existing under the laws of the State of Delaware, and at all material times
hereto was authorized to do business in the State of Massachusetts.

3.   Defendant, Bently Nevada, LLC, formerly known as Bently Nevada
Corporation, LLC, is a foreign limited liability company organized and
existing under the laws of the State of Delaware and at all material times
hereto was doing business in Massachusetts.

4.   Defendant, Bently Pressurized Bearing Company, formerly known as Bently
Nevada Corporation, is a foreign corporation organized and existing under the
laws of the State of Nevada and at all material times hereto was doing
business in Massachusetts.

<u>VENUE AND JURISDICTION</u>

5.   The Court has jurisdiction over the defendants because each defendant does
business in the State of Massachusetts.  The Court has jurisdiction over the
controversy because the damages sought are within the jurisdictional limits of
the Court.

6.   Venue is proper in Essex County, Massachusetts, because all or a substantial
part of the events giving rise to this claim occurred in Essex County,
Massachusetts.

<u>FACTUAL ALLEGATIONS</u>

7.   At all times material hereto, USGEN operated the Salem Harbor Energy Plant,
located in Salem, Massachusetts.

2

8.    In or around August 2001, USGEN hired the Bently defendants to upgrade the TSI monitoring system installed on the number 1 bearing of the unit number 2 turbine located at the Salem Harbor Energy Plant.

9.    Before the Bently defendants began work, USGEN provided the Bently defendants with engineering diagrams of the system. These diagrams illustrated that the oil supply to the bearing was located at the top of the bearing as opposed to other models that received oil from a supply source on the side of the system.

10.    During the upgrade, the Bently defendants removed the pre-existing probe that ran through the outer housing and replaced it with a probe mounted wholly inside the housing.

11.    Removing the existing probe left holes in the housing that needed to be plugged. In order to plug these holes, the Bently defendants tapped the holes and inserted the plugs. While tapping and plugging the holes, the Bently defendants also tapped and plugged the access hole to the oil supply that was located at the top of the bearing thereby preventing proper bearing lubrication.

12.    On December 18, 2001, the unit number 2 Steam Turbine was restarted following the service and upgrade work. When the system was started for testing, there was no way to tell that the bearing was not properly lubricated, and because the system was run at a very low speed for testing purposes, the internal temperature never rose to a level of concern.

13.    During that start-up, the number one bearing located within the Front Standard began to vibrate beyond the alarm limit. As a result, the unit tripped due to

3

excessive vibrations and Siemens Westinghouse's on-site technicians began to troubleshoot the problem.

14.     During this time, the lube oil filters, and reservoir were immediately checked for metallic debris with material found within the strainers for the main lube oil tank.

15.     There were further indications of damage when the number 1 bearing ring was removed and babbit material was present on the number 1 journal. Further disassembly confirmed the failure of the number 1 bearing as a result of an absence of lube oil.

16.     USGEN made arrangements to expedite the refurbishment of the number 1 bearing and this was completed within three days. The unit number 2 was rolled up to 3600 RPM to complete balance checks and testing of the TSI system. When the number 2 steam turbine was restarted and brought up on load, the thrust bearing failed due to previously undetected damage to the LP, IP and HP seals.

17.     Damage to the number 2 thrust bearing restricted output of the unit number 2 to approximately 65 MW. The unit was operated in a de-rated capacity until permanent repair work could be scheduled in April 2002.

18.     The investigation revealed that the failure of the Number 1 Bearing was a result of an absence of lube oil. Moreover, the investigation revealed that the lack of oil was caused by the Bently defendants' improper plugging and/or sealing of the lube oil supply opening during their work on the Number 1 Bearing.

4

19.    As a result of the Bently defendants' work, USGEN sustained property

damage to its Number 2 steam turbine at its Salem Harbor Energy Plant,

located in Salem, Massachusetts.

## Count 1
## Negligence

20.    As and for its first cause of action against the Bently defendants, USGEN re-

states, re-alleges and incorporates by reference the previous paragraphs, 1

through 19, above, as if set forth fully herein.

21.    The Bently defendants owed a duty to exercise reasonably prudent and

ordinary care in the performance of its work on USGEN's equipment.

22.    The Bently defendants breached this duty by failing to act as a reasonably

prudent person would have under the same or similar circumstances.

23.    The Bently defendants' negligent acts or omissions include, but are not

limited to:

a.    plugging the lube oil supply opening;

b.    failing to make sure that the lube oil supply opening was

not plugged;

c.    failing to identify the lube oil supply opening to ensure that

it would not be plugged;

d.    failing to train its agents, employees, and/or representatives

of the importance of not plugging the lube oil supply

opening;

e.    failing to tell USGEN that the lube oil supply opening had

been plugged; and

5

f.  .    otherwise failing to use due care under the circumstances.

24.    Each of the above-referenced acts and omissions were committed by and

through the Bently defendants' agents, employees, servants, and/or authorized

representatives, acting in the course and scope of their respective

employments, individually and/or collectively, and singly or in combination

with others, constituted negligence, which proximately caused the damages

suffered by USGEN, which are in excess of the minimum jurisdictional limits

of this Court. As a proximate result of the Bently defendants' conduct as

described above, USGEN sustained damages to its equipment and property,

including cost of repairs to USGEN's equipment and/or cost to replace

USGEN's equipment, and also an interruption to its business.

### Count 2: Breach of Implied Warranty of
### Good and Workmanlike Performance

25.    As and for its second cause of action against the Bently defendants, USGEN

re-states, re-alleges and incorporates by reference the previous paragraphs, 1

through 24, above, as if set forth fully herein.

26.    The Bently defendants impliedly warranted that they would perform their

work in a good and workmanlike manner.

27.    The Bently defendants breached this implied warranty in one or more of the

following respects:

a.   plugging the lube oil supply opening;

b.   failing to make sure that the lube oil supply opening was not plugged;

c.   failing to identify the lube oil supply opening to ensure that it would not

be plugged;

6

    d.  failing to train its agents, employees, and/or representatives of the importance of not plugging the lube oil supply opening;

    e.  failing to tell USGEN that the lube oil supply opening had been plugged; and

    f.  otherwise failing to use due care under the circumstances.

28.    Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the implied warranty, which proximately caused the damages suffered by USGEN, which are in excess of the minimum jurisdictional limits of this Court. As a proximate result of the Bently defendants' conduct as described above, USGEN sustained damages to its equipment and property, including cost of repairs to USGEN's equipment and/or cost to replace USGEN's equipment, and also an interruption to its business.

### Count 3: Gross Negligence

29.    As and for its third cause of action against the Bently defendants, USGEN re-states, re-alleges and incorporates by reference the previous paragraphs, 1 through 28, above, as if set forth fully herein.

30.    USGEN would further show that the occurrence that forms the basis of this suit was proximately caused by the willful acts and omissions and gross negligence of the Bently defendants.

31.    For these reasons, USGEN is entitled to recover exemplary and punitive damages in addition to the amount of its actual damages. As a proximate result of the Bently defendants' conduct as described above, USGEN sustained

7

damages to its equipment and property, including cost of repairs to USGEN's equipment and/or cost to replace USGEN's equipment, and also an interruption to its business.

## Count 4: Negligent Misrepresentation

32.    As and for its fourth cause of action against the Bently defendants, USGEN re-states, re-alleges and incorporates by reference the previous paragraphs, 1 through 31, above, as if set forth fully herein

33.    The representations of the Bently defendants, both written and oral, were false.

34.    These representations were made by the Bently defendants, by and through their representatives, agents, servants, employees and/or subcontractors, in the course of the Bently defendants' business and more specifically without limitation, in the product and service transaction in which the Bently defendants had a pecuniary interest.

35.    These representations supplied false information for the guidance of USGEN in its business and guidance, in particular, regarding construction, reliability, design, welding procedures, welding techniques, manufacture, process control, protection and safety of the product.

36.    In this context, the Bently defendants did not exercise reasonable care or competence in obtaining or communicating the information.

37.    As a consequence, USGEN suffered pecuniary loss as described herein, by justifiably relying on the Bently defendants' communications, all to USGEN's detriment. As a proximate result of the Bently defendants' conduct as

8

described above, USGEN sustained damages to its equipment and property,
including cost of repairs to USGEN's equipment and/or cost to replace
USGEN's equipment, and also an interruption to its business.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated: November 5, 2004

Respectfully submitted,

USGEN NEW ENGLAND, INC.

Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA  02110
Tel.  617-330-5000

And

Brook F. Minx
Texas Bar No. 00789905
William T. Sebesta
Texas Bar No. 00784941
DONATO, MINX and BROWN
3200 Southwest Freeway – Ste. 2310
Houston, TX  77027-1112
Tel. 713-877-1112
Fax.  713-877-1138

453001.110403

9

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) USGEN NEW ENGLAND, INC. | DEFENDANT(S) BENTLY NEVADA, LLC and BENTLY PRESSURIZED BEARING COMPANY |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Kathleen A. Kelley (617) 330-5000 Hare & Chaffin, 160 Federal St., Boston, MA 02110 Board of Bar Overseers number: 562342 | ATTORNEY (if known) |

**A** ✓

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 04 | Negligence/Breach of Warranty | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
   Subtotal $. . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . $. . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . $.1,078,000.
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . .
TOTAL $.1,078,000.

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE 11/5/04

A TRUE COPY ATTEST
Rebecca Malley
DEPUTY ASST CLERK

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2004-02042-A

RE: **USGEN New England Inc v Bently Nevada LLC et al**

TO:Kathleen A Kelley, Esquire
Hare & Chaffin
160 Federal Street
23rd floor
Boston, MA 02110-1832

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 02/06/2005 |
| Response to the complaint filed (also see MRCP 12) | 04/07/2005 |
| All motions under MRCP 12, 19, and 20 filed | 04/07/2005 |
| All motions under MRCP 15 filed | 04/07/2005 |
| All discovery requests and depositions completed | 09/04/2005 |
| All motions under MRCP 56 served and heard | 10/04/2005 |
| Final pre-trial conference held and firm trial date set | 11/03/2005 |
| Case disposed | 01/02/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 2 -rear (Salem)** at Essex Superior Court.

Dated: 11/08/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 508363 inidoc01 vernavad


A TRUE COPY ATTEST
DEPUTY ASST CLERK

 

### HARE & CHAFFIN
ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

November 5, 2004

**BY FEDEX**

Clerk of Court
Essex Superior Court
34 Federal Street
Salem, MA 01970

     Re:    <u>USGEN New England, Inc. v. Bently Nevada LLC, et al.</u>

Dear Sir or Madam:

    Enclosed for filing in the above matter please find the following:

1.    Civil Action Cover Sheet;

2.    Plaintiff's Original Complaint; and

3.    Motion for Special Appointment of Process Server.

Also enclosed is a check, payable to "Clerk, Essex Superior Court," in the amount of $275.00, for the filing fee.

    I would appreciate it if you would allow the motion (item (3)) at your earliest convenience. Also, please acknowledge your receipt of the enclosed by date-stamping the enclosed copy of this letter and returning it, as well as the endorsed motion, to me in the envelope provided.

    Thank you.

                 Very truly yours,

                 Kathleen A. Kelley

KAK:kgg
453001.1105
Enclosures

2

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

**A**

|  |  |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC. f/k/a PG&E NATIONAL ENERGY GROUP, INC., <br><br> Plaintiffs <br><br> v. <br><br> BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC; AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY NEVADA CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO. _____

## MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, Plaintiff, USGEN New England, Inc. ("USGEN"), respectfully moves the Court to appoint Applebaum & Applebaum, Constables, to serve process in this action.

In support of this motion, USGEN states that, to the best of its knowledge and belief, the persons to be appointed process servers are experienced in the service of process, are eighteen years old or over and have no interest in this action, and that service of process in this action will be facilitated by such appointment.

A TRUE COPY ATTEST
Rebecca Matiya
DEPUTY ASST. CLERK

WHEREFORE, USGEN respectfully requests that the Court appoint Applebaum & Applebaum to serve process in this matter.

Dated: November 5, 2004

Respectfully submitted,

USGEN NEW ENGLAND, INC.,

By its attorneys,

Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
Tel. 617-330-5000

and

Brook F. Minx
Texas Bar No. 00789905
William T. Sebesta
Texas Bar No. 00784941
DONATO, MINX and BROWN
3200 Southwest Freeway – Ste. 2310
Houston, TX 77027-1112
Tel. 713-877-1112
Fax. 713-877 1138

453001.1105

2

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-02042-A

USGEN NEW ENGLAND, INC.
......................................................................................................, Plaintiff(s)

v.

BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC;
and BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY
NEVADA CORPORATION
......................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant: Bently Pressurized Bearing Company
CT Corporation System
101 Federal Street, Boston, MA

You are hereby summoned and required to serve upon _____ Kathleen A. Kelley _____,
Hare & Chaffin
plaintiff's attorney, whose address is _____ 160 Federal Street, Boston, MA _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

___ Salem, MA ___ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
WITNESS, ████████████████, Esquire, at Salem, the
day of _____, in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - ~~MOTOR~~ VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004–02042–A

USGEN NEW ENGLAND, INC.

........................................................................................................, Plaintiff(s)

v.

BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC:
AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY
....NEVADA CORPORATION..............................................................................., Defendant(s)

## SUMMONS

To the above named Defendant:
Bently Nevada LLC
Precision Corporate Services, Inc.
18 Tremond Street #146– Boston, MA  02108
Kathleen A. Kelley

You are hereby summoned and required to serve upon_____,

Hare & Chaffin

plaintiff's attorney, whose address is_____160 Federal Street, Boston, MA_____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_____Salem, MA_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Esquire, at Salem, the
day of                                    , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST
*Rebecca Mature*
DEPUTY ASST CLERK

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

# HARE & CHAFFIN

ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

November 19, 2004

BY FEDEX

Clerk of Court
Essex Superior Court
34 Federal Street
Salem, MA 01970

     Re:   USGEN New England, Inc. v. Bently Nevada LLC, et al.
           Essex Superior Court; Case No. ESCV2004-02042-A

Dear Sir/Madam:

Enclosed for filing in the above matter please find Returns of Service for defendants (1) Bently Pressurized Bearing Company (November 15, 2004), and (2) Bently Nevada, LLC (November 18, 2004).

Please acknowledge your receipt of the above by date-stamping the enclosed copy of this letter and returning it to me in the enclosed envelope.

Thank you.

Very truly yours,

Kathleen A. Kelley

KAK:me
453001.111904
Enclosures
cc:   Bently Nevada, LLC
       Bently Pressurized Bearing Company

# HARE & CHAFFIN

ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

November 23, 2004

<u>BY FEDEX</u>

Clerk of Court
Essex Superior Court
34 Federal Street
Salem, MA 01970

      Re:    USGEN New England, Inc. v. Bently Nevada LLC, et al.
             <u>Essex Superior Court; Case No. ESCV2004-02042-A</u>

Dear Sir/Madam:

      Enclosed for filing in the above matter please find a Motion for Admission Pro Hac Vice.

      Please acknowledge your receipt of the above by date-stamping the copy of this letter and returning it to me in the enclosed envelope.

      Thank you.

                  Very truly yours,

                  Kathleen A. Kelley/mf

                  Kathleen A. Kelley

KAK:me
453001.112304
Enclosures
cc:    Bently Nevada, LLC
        Bently Pressurized Bearing Company

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC. f/k/a PG&E NATIONAL ENERGY GROUP, INC.,        Plaintiffs v. BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC; AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY NEVADA CORPORATION,        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 2004-02042-A |

_Denied for failure to comply with the Rule of [signature] 12/11/03_

MOTION FOR ADMISSION PRO HAC VICE

Plaintiff, USGEN New England, Inc., ("USGEN"), by its undersigned counsel, moves, pursuant to Mass. Gen. Laws ch. 221, § 46A, for an order permitting William T. Sebesta and Brook F. Minx to appear on its behalf in this matter. The grounds for this motion, as set forth in the attached Declarations of William T. Sebesta and Brook F. Minx, are:

1.     Under M.G.L. Ch. 221, § 46A, a member in good standing of the bar of another state may appear, by permission of the court, in any case in a court of the Commonwealth, provided the other state grants like privileges to members of the bar of the Commonwealth.

_[signature: Rebecca Mattya]_

2.      William T. Sebesta and Brook F. Minx are members in good standing of the Bar

of the State of Texas.  (See Declarations of William T. Sebesta and Brook F. Minx, attached

hereto as Exhibits A and B, respectively.)

3.      Rule XIX of the Rules Governing Admission to the Bar of Texas permits

members in good standing of the bars of other states to appear pro hac vice in the courts of the

State of Texas.

WHEREFORE, USGEN respectfully requests that the Court permit William T. Sebesta

and Brook F. Minx to appear on its behalf in this matter.

Dated:  November 23, 2004                          Respectfully submitted,

                                                   USGEN NEW ENGLAND, INC.

                                                   _____
                                                   Kathleen A. Kelley
                                                   BBO No. 562342
                                                   HARE & CHAFFIN
                                                   160 Federal Street
                                                   Boston, MA  02110
                                                   Tel.  617-330-5000

                                                   And

                                                   Brook F. Minx
                                                   Texas Bar No. 00789905
                                                   William T. Sebesta
                                                   Texas Bar No. 00784941
                                                   DONATO, MINX and BROWN
                                                   3200 Southwest Freeway – Ste. 2310
                                                   Houston, TX  77027-1112
                                                   Tel. 713-877-1112
                                                   Fax.  713-877-1138

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, first-class postage prepaid on November 23, 2004, to the following entities:

Bently Nevada LLC                          Bently Pressurized Bearing Company
1631 Bently Parkway                        1617 Water Street
Minden NV 89423                            Minden, NV 89423


Kathleen A. Kelley


453001.110403

3

5A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                              OF THE TRIAL COURT

|  |  |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC. f/k/a PG&E NATIONAL ENERGY GROUP, INC., )))))) | |
| Plaintiffs ) | |
| v. ) | CIVIL ACTION NO. 2007-02042-A |
| BENTLY NEVADA, LLC f/k/a BENTLY NEVADA CORPORATION, LLC; AND BENTLY PRESSURIZED BEARING COMPANY f/k/a BENTLY NEVADA CORPORATION, )))))) | |
| Defendants. ) | |

## DECLARATION OF WILLIAM T. SEBESTA IN
## SUPPORT MOTION FOR ADMISSION PRO HAC VICE

I, William T. Sebesta, declare, under the penalties of perjury, as follows:

1.    I am a member of the firm of Donato, Minx and Brown, P.C., 3200 Southwest

Freeway – Ste. 2310, Houston, Texas  77027-1112.

2.    I am a member in good standing of the Bar of the State of Texas (1992).  I am

also admitted to practice in the United States District Court Northern District

of Texas, United States District Court Southern District of Texas, United

States District Court Western District of Texas, United States District Court

Eastern District of Texas, and the United States Court of Appeals for the Fifth

Circuit.. No disciplinary proceedings are pending against me as a member of the bar in any jurisdiction.

3.  Rule XIX of the Rules Governing Admission to the Bar of Texas, "Requirements for Participation in Texas Proceedings by Non-Resident Attorneys," permits members in good standing of the bars of other states to appear pro hac vice in the courts of the State of Texas.

4.  For the foregoing reasons, I respectfully request that this Court allow me to appear and practice in this matter on behalf of USGEN.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS _19th_ DAY OF NOVEMBER, 2004.

_William T. Sebesta_
William T. Sebesta

453.001.110804

2

5B

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                              SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT

| | |
|---|---|
| USGEN NEW ENGLAND, INC., a subsidiary ) <br> of NATIONAL ENERGY & GAS & GAS ) <br> TRANSMISSION, INC. f/k/a PG&E ) <br> NATIONAL ENERGY GROUP, INC., ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> BENTLY NEVADA, LLC f/k/a BENTLY ) <br> NEVADA CORPORATION, LLC; AND ) <br> BENTLY PRESSURIZED BEARING ) <br> COMPANY f/k/a BENTLY NEVADA ) <br> CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. _2004-02042-A_ |

## DECLARATION OF BROOK F. MINX IN
## SUPPORT MOTION FOR ADMISSION PRO HAC VICE

I, Brook F. Minx, declare, under the penalties of perjury, as follows:

1.    I am a member of the firm of Donato, Minx and Brown, P.C., 3200 Southwest

Freeway – Ste. 2310, Houston, Texas  77027-1112.

2.    I am a member in good standing of the Bar of the State of Texas (1994).  I am

also admitted to practice in the United States Supreme Court, United States

Court of Appeals for the Fifth Circuit, and the United States District Court for

the Southern District of Texas.  No disciplinary proceedings are pending

against me as a member of the bar in any jurisdiction.

3.  Rule XIX of the Rules Governing Admission to the Bar of Texas, "Requirements for Participation in Texas Proceedings by Non-Resident Attorneys," permits members in good standing of the bars of other states to appear <u>pro hac vice</u> in the courts of the State of Texas.

4.  For the foregoing reasons, I respectfully request that this Court allow me to appear and practice in this matter on behalf of USGEN.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS _19_ DAY OF NOVEMBER, 2004.

Brook F. Minx

453.001.110804

2

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2004-02042-A

USGEN NEW ENGLAND, INC., a
Subsidiary of NATIONAL ENERGY &
GAS & GAS TRANSMISSION, INC.,
f/k/a PG&E NATIONAL ENERGY
GROUP, INC.,

Plaintiff,

v.

BENTLY NEVADA, LLC, f/k/a BENTLY
NEVADA CORPORATION, LLC and
BENTLY PRESSURIZED BEARING
COMPANY, f/k/a BENTLY NEVADA
CORPORATION,

Defendants

**NOTICE OF FILING NOTICE OF
REMOVAL TO UNITED STATES
DISTRICT COURT**

**TO:**   **Clerk for Civil Business**
**Essex County Superior Court**
**34 Federal Street**
**Salem, Massachusetts  01970**

Please take notice that the Defendants, Bently Nevada, LLC, f/k/a Bently Nevada

Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation

(the "Defendants") did on December 15, 2004 file in the United States District Court for the

District of Massachusetts their Notice of Removal of said case from the above-referenced Court

to the United States District Court for the District of Massachusetts.  A certified copy of the

Notice of Removal is attached as Exhibit "A".

BENTLY NEVADA, LLA, f/k/a BENTLY
NEVADA CORPORATION, LLC; AND
BENTLY PRESSURIZED BEARING
COMPANY, f/k/a BENTLY NEVADA
CORPORATION,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: December 16, 2004

Joseph R. Valle, Jr. - BBO No. 550291
Craig J. Ziady - BBO No. 565216
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

## CERTIFICATE OF SERVICE

I, Craig J. Ziady, hereby certify that on this date, December 16, 2004, I served the
foregoing Notice of Filing Notice of Removal to United States District Court by causing a copy
of same to be delivered by a true copy thereof, postage prepaid to:

Brook F. Minx, Esquire
William T. Sebesta, Esquire
Donato, Minx & Brown
3200 Southwest Freeway
Suite 2310
Houston, TX  77027

Kathleen A. Kelley, Esquire
Hare & Chaffin
160 Federal Street
Boston, MA  02110

Craig J. Ziady

12581.629.867609.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

**0 4    1 2 6 2 9   RWZ**

| |
|---|
| USGEN NEW ENGLAND, INC., a Subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC., f/k/a PG&E NATIONAL ENERGY GROUP, INC., |
| Plaintiff, |
| v. |
| BENTLY NEVADA, LLC, f/k/a BENTLY NEVADA CORPORATION, LLC and BENTLY PRESSURIZED BEARING COMPANY, f/k/a BENTLY NEVADA CORPORATION, |
| Defendants |

**NOTICE OF REMOVAL**



**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

The Defendants, Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation (the "Defendants") submit the following Notice of Removal pursuant to Fed. R. Civ. P. 81(c), and state as follows:

**I.    Introduction.**

1.    Plaintiff filed suit against the Defendants in a civil action entitled USGEN New England, Inc. and Gas Transmission, Inc. v. Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, Essex Superior Court, Civil Action No. 2004-02042-A (the "State Court Action").

2.    The Defendants hereby remove the State Court Action to the United States District Court for the District of Massachusetts.

## II.    Nature of Suit

3.    In Plaintiff's Complaint filed in the State Court Action, the Plaintiff has alleged, *inter alia*, that the Defendants were negligent in repairing and/or maintaining a monitoring system on a steam turbine, resulting in property and other damage.

4.    Although Plaintiff does not quantify its alleged damages, it has alleged facts which, if established, would provide a basis for over One Hundred Thousand ($100,000.00) Dollars in damages. Hence, the amount in controversy in the State Court Action exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

## III.    Basis for Removal

5.    Removal is proper because there exists complete diversity of citizenship between the Plaintiff and the Defendants. See 28 U.S.C. §1332.

6.    Plaintiff is a foreign corporation organized under the laws of the State of Delaware, and authorized to do business in Massachusetts.

7.    Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC is a foreign limited liability company with a principal place of business at 1631 Bentley Parkway South, Minden, Nevada, and authorized to do business in Massachusetts.

8.    Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, is a foreign corporation organized under the laws of the State of Nevada, and authorized to do business in Massachusetts.

9.    Since the Plaintiff does not share citizenship with either Defendant, and since the amount in controversy exceeds $75,000, the United States District Court for the District of Massachusetts has original jurisdiction over the subject matter of the claim alleged in the State Court Action on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332(a).

2

**IV.    This Notice of Removal is Procedurally Correct.**

10.     The Defendants, Bently Nevada, LLC, f/k/a Bently Nevada Corporation, LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, consent to this removal as reflected by this Notice.

11.     The Defendants have attached an index of exhibits and a list of all counsel of record, including addresses, telephone numbers and parties represented.  The exhibits consist of all pleadings, process, and orders served upon such Defendants in the State Court Action as required by 28 U.S.C. 1446(a) and Local Rule 81.1 of the Rules of the District Court of Massachusetts.

12.     The Defendants were first notified of the State Court Action when one of the Defendants was served with a copy of the Summons and Complaint on or about November 15, 2004.  Accordingly, the Defendants have removed this action within the time permitted by 28 U.S.C. §1446(b).

13.     Pursuant to Local Rule 81.1(a), the Defendants have requested that the Clerk of the Essex County Superior Court prepare certified or attested copies of all records of proceedings in the State Court Action, and of all docket entries therein, and the Defendants shall file same within thirty (30) days of filing this Notice of Removal.

14.     Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a) because this District and Division embrace Essex County, Massachusetts where the State Court Action has been pending.

15.     The Defendants will properly file a copy of this Notice of Removal with the Clerk of the State Court in which the State Court Action has been pending and serve all removal documents to all counsel of record.  See 28 U.S.C. §1446(d).

3

16.    No act of Congress prohibits the removal of this action.

WHEREFORE, the Defendants, Bently Nevada, LLC, f/k/a Bently Nevada Corporation,

LLC and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation, respectfully

give notice that the State Court Action has been removed from Essex County Superior Court to

the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1441,

and requests that this Court assume jurisdiction over this lawsuit. The Defendants further

request all such other relief, both general and special, at law and in equity, to which they may

show themselves to be justly entitled.

                                        BENTLY NEVADA, LLA, f/k/a BENTLY
                                        NEVADA CORPORATION, LLC; AND
                                        BENTLY PRESSURIZED BEARING
                                        COMPANY, f/k/a BENTLY NEVADA
                                        CORPORATION,

                                        By their Attorneys,
                                        RIEMER & BRAUNSTEIN LLP


Dated: December 15, 2004

                                        _____
                                        Joseph R. Valle, Jr. - BBO No. 550291
                                        Craig J. Ziady - BBO No. 565216
                                        Riemer & Braunstein LLP
                                        Three Center Plaza
                                        Boston, Massachusetts 02108
                                        (617) 523-9000

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

USGEN NEW ENGLAND, INC., a
Subsidiary of NATIONAL ENERGY &
GAS & GAS TRANSMISSION, INC.,
f/k/a PG&E NATIONAL ENERGY
GROUP, INC.,

        Plaintiff,

v.

BENTLY NEVADA, LLC, f/k/a BENTLY
NEVADA CORPORATION, LLC and
BENTLY PRESSURIZED BEARING
COMPANY, f/k/a BENTLY NEVADA
CORPORATION,

        Defendants

**<u>CERTIFICATE OF SERVICE</u>**

    I, Craig J. Ziady, hereby certify that on this date, December 15, 2004, I served the

foregoing Notice of Removal by causing a copy of same to be delivered by first-class mail,

postage prepaid, to:

Brook F. Minx, Esquire
William T. Sebesta, Esquire
Donato, Minx & Brown
3200 Southwest Freeway
Suite 2310
Houston, TX 77027

Kathleen A. Kelley, Esquire
Hare & Chaffin
160 Federal Street
Boston, MA 02110

_____
Craig J. Ziady

12581.629.867614.1