UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 JAN 28 P 12: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| USGEN NEW ENGLAND, INC., a Subsidiary of NATIONAL ENERGY & GAS & GAS TRANSMISSION, INC., f/k/a PG&E NATIONAL ENERGY GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BENTLY NEVADA, LLC, f/k/a BENTLY NEVADA CORPORATION, LLC and BENTLY PRESSURIZED BEARING COMPANY, f/k/a BENTLY NEVADA CORPORATION,<br><br>Defendants | **DEFENDANTS' OPPOSITION TO MOTION FOR REMAND TO STATE COURT**<br><br>CIVIL ACTION NO. 04-12629-RWZ |

The Defendants, Bently Nevada LLC, f/k/a Bently Nevada Corporation, LLC (the "LLC") and Bently Pressurized Bearing Company, f/k/a Bently Nevada Corporation ("Bently Nevada")(collectively, the "Defendants"), hereby submit their Opposition to the Motion for Remand to State Court filed by USGEN New England, Inc., a subsidiary of National Energy & Gas & Gas Transmission, Inc., f/k/a PG&E National Energy Group (the "Plaintiff") on the grounds that this Court maintains jurisdiction over the case because: (i) complete diversity exists among the parties (both now and at the time of removal); (ii) the Plaintiff's "fraudulent joinder" of the LLC cannot defeat the right of removal; and (iii) the Notice of Removal was timely filed. As further grounds in opposition to the Plaintiff's Motion, the Defendants state as follows:

**PROCEDURAL HISTORY**

1.     The Plaintiff filed its original Complaint (the "Complaint") in Essex County Superior Court on November 8, 2004, alleging damages as a result of services provided by

Bently Nevada in 2001 at the Salem Harbor Energy Plant in Salem, Massachusetts (the "Salem Plant").

2. Although it is undisputed that Bently Nevada is the only entity: (i) that issued the quotation to Plaintiff to provide the parts and perform the services at the Salem Plant; (ii) to whom the Plaintiff responded with a purchase order to provide the parts and services; (iii) that actually provided the parts and services requested by Plaintiff; and (iv) to whom the Plaintiff issued a demand for compensation of alleged damages, (see, Affidavit of Brian C. Palmer, at ¶ 10; Affidavit of Jeffrey Jarboe, at ¶ 7), the Plaintiff nevertheless commenced suit against Bently Nevada *and* the LLC, ostensibly for the purpose of destroying diversity jurisdiction.

3. The Complaint does not set forth a single allegation against the LLC for any alleged wrongdoing. Indeed, the only reference to the LLC in the Complaint is at paragraph 3, in which the LLC is identified (and which contains no acknowledgment that the LLC did not even exist at the time of the alleged cause of action accrued).

4. Rather, throughout the Complaint, the Plaintiff relies on the vague and self-serving term "the Bently Defendants" in each and every one of its factual allegations.

5. The nine-page Complaint refers, non-specifically, to the "Bently Defendants" on no fewer than thirty (30) occasions.

6. Bently Nevada and the LLC were served through their registered agents on November 15, 2004 and November 18, 2004, respectively.

7. The Notice of Removal was timely filed in this Court on December 15, 2004, as evidenced both by the docket and by the time-stamp received in the Clerk's Office upon filing[1].

---

[1] The Plaintiff's contentions that the Notice of Removal was "entered on the docket" on December 17, 2004 and that "the clerk held the materials submitted on December 15" are neither

Affidavit of Counsel, at ¶3. True and accurate copies of the docket and the time-stamps received upon filing are annexed as Exhibits "A" and "B" to the Affidavit of Counsel.

8. On December 16, 2004, the day after filing the Notice of Removal in this Court, the Defendants filed the Notice of Removal with the Clerk of the Essex County Superior Court. Affidavit of Counsel, at ¶8.

9. The Defendants further filed and served their Corporate Disclosure on December 22, 2004, in accordance with Fed.R.Civ.P. 7.1 and Local Rule 7.3. In said filing, the Defendants disclosed that The LLC is a limited liability company "whose only member is General Electric Company (1 River Rd., Schenectady, New York, NY 12345)." See Corporate Disclosure.

10. A Rule 16 scheduling conference has been set for February 10, 2005. In preparation therefore, counsel conducted their Rule 26(f) conference on January 27, 2005.

## ARGUMENT

### I. SINCE COMPLETE DIVERSITY EXISTS AMONG THE PARTIES, THE MOTION FOR REMAND MUST BE DENIED.

The United States District Court has subject matter jurisdiction over a case removed from state court if diversity of citizenship among parties is complete; that is, if there is no plaintiff and no defendant who are citizens of the same state. Wisconsin Dep't. of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364, on remand 175 F.3d 497 (1998). Corporations are deemed, for diversity purposes, to be dual citizens, in that they are considered citizens of both the state in which they are incorporated and the state where they have their principal place of business. 28 U.S.C. §1332(c)(1). The determination of a limited liability company's citizenship for purposes of diversity jurisdiction, however, turns on the citizenship of

---

surprising nor relevant to when the materials were actually filed, which is apparent on the face of the docket and other materials annexed to the Affidavit of Counsel. See also Section III, *supra*.

the state or states of which its members are citizens. JMTR Enterprises, LLC v. Duchin, 42 F. Supp.2d 87, 93 (D. Mass. 1999); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998).

According to the Complaint in this case, the Plaintiff is a citizen of Delaware. Complaint, at ¶2. Thus, in order to establish complete diversity for removal purposes, the Defendants must establish that neither of them[2] is a citizen of Delaware. This the Defendants have done. Bently Nevada is a Nevada corporation with a principal place of business in Minden, Nevada. See Complaint, at ¶3; Answer, at ¶3; Affidavit of Jeffrey Jarboe, at ¶2. The LLC is a limited liability company whose only member is General Electric Company. See Corporate Disclosure dated December 22, 2004; Affidavit of Brian C. Palmer at ¶3. For purposes of diversity of citizenship, General Electric Company is a dual citizen of New York and Connecticut by virtue of being a New York Corporation with a principal place of business in Fairfield, Connecticut. Affidavit of Brian C. Palmer at ¶4.

Accordingly, since neither of the Defendants is a citizen of Delaware, diversity of jurisdiction is complete, and the Plaintiff is not entitled to a remand.

    II.    **PLAINTIFF'S REQUEST FOR REMAND IS BASED UPON THE FRAUDULENT JOINDER OF A PERCEIVED NON-DIVERSE DEFENDANT WITHOUT A REAL CONNECTION TO THE CONTROVERSY.**

The right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant having no real connection to the controversy. Carey v. Board of Governors of the Kernwood Country Club, 337 F. Supp. 2d 339, 341-42 (D. Mass. 2004); Mills v. Allegiance Healthcare Corp., 178 F. Supp.2d 1, 9 (D. Mass. 2001). A joinder is considered "fraudulent" if it is a device used to join a party "without any reasonable basis in fact and without any purpose to

prosecute the cause in good faith." <u>Carey</u>, 337 F. Supp.2d at 341, *quoting from* <u>Wilson v. Republic Iron & Steel, Co.</u>, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L.Ed. 144 (1921)[3]. The term "fraudulent joinder" is a term of art used to describe not only the deceptive practice of joining a resident defendant solely to defeat diversity, but also an improper joinder; it does not necessarily mean that the Plaintiff acted to mislead or deceive. <u>Carey</u>, 337 F. Supp.2d at 341, n.1. Fraudulent joinder may consist of false allegations of jurisdictional facts, or "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." <u>Poulos v. NAAS Foods, Inc.</u>, 959 F.2d 69, 73 (7th Cir. 1993). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law or fact." <u>Mills</u>, 178 F. Supp.2d at 4.

Plaintiff's joinder of the LLC in this case has no reasonable basis either in fact or in law for the principal reasons that the LLC did not even exist until after the events alleged in the Complaint,[4] see <u>Affidavit of Brian C. Palmer</u>, at ¶11, and Bently Nevada maintained liability for all assets, including contracts, up to and through January 23, 2002. See <u>Affidavit of Jeffrey Jarboe</u>, at ¶ 4; <u>Affidavit of Brian C. Palmer</u>, at ¶6. The LLC never contracted with the Plaintiff (i.e., it did not issue the quotation to Plaintiff to provide the parts and perform the services at the Salem Plant and was not the entity to whom the Plaintiff responded with a purchase order to

---

[2] As set forth more fully in Section II of the Argument, the Defendants maintain that the LLC's citizenship should be disregarded in any event because the LLC was fraudulently joined as a Defendant to defeat diversity jurisdiction.

[3] Even where a plaintiff is merely mistaken about the factual basis for his claim, a court may infer a wrongful joinder where the plaintiff failed to conduct a reasonable investigation. <u>Mills</u>, 178 F. Supp.2d at 5 ("knowledge may be imputed where one willfully closes his eyes to information within his reach").

[4] Moreover, the Plaintiff was aware, based on the authority cited in its Memorandum in Support of its Motion for Remand, that the LLC's existence as a Delaware limited liability company (as

provide the parts and services); and never provided any parts or services to Plaintiff. <u>See</u> <u>Affidavit of Brian C. Palmer</u> at ¶¶ 9-11. Accordingly, the Plaintiff never issued a demand to the LLC for compensation of alleged damages and never engaged in any discussions or negotiations with the Plaintiff regarding its alleged claims. <u>See</u> <u>Affidavit of Jeffrey Jarboe</u>, at ¶¶ 8-9. Simply stated, the LLC has no real or viable connection to the controversy, and the Plaintiff cannot establish a legitimate cause of action against the LLC[5]. <u>See</u> <u>Affidavit of Brian C. Palmer</u>, at ¶ 12.

The <u>Mills</u> case from this District is particularly instructive. In <u>Mills</u>, the plaintiff sued several manufacturers and distributors of latex gloves on the basis that he contracted an allergy to latex based upon his use of and exposure to such gloves during his work as a nurse in several hospitals. The defendants removed the case to this Court, and the plaintiff filed a motion to remand, claiming that complete diversity did not exist. The allegedly non-diverse defendant, The Claflin Company ("Claflin"), claimed that the plaintiff fraudulently joined Claflin in order to defeat diversity, and that but for that fraudulent joinder, complete diversity would exist. After Claflin supplied an affidavit[6] that it only began to supply the latex gloves in question *five months after* the plaintiff's allergy diagnosis, the Court ruled that Claflin had been fraudulently joined. In so doing, the Court observed that the fact that Claflin did not exist at the time of the events

---

Plaintiff alleges in the Complaint) was wholly irrelevant to the issue of citizenship of an LLC for diversity of jurisdiction purposes. <u>Memorandum in Support of Motion for Remand</u>, at p. 4.

[5] The Plaintiff's vague and undifferentiated repetition of the plural phrase "the Bently Defendants" in the Complaint does not rescue the Plaintiff from this fatal and inevitable result: there is no possibility that the Plaintiff can establish a cause of action against an LLC which did not even exist at the time of the alleged events. The Defendants reserve the right to file a motion under Fed.R.Civ.P. 21 for misjoinder of the LLC.

[6] The Court appropriately pierced the pleadings and considered summary judgment-type evidence, including affidavits from the defendant, in determining the propriety of joinder. <u>Wecker v. Nat'l Enameling & Stamping Co.</u>, 204 U.S. 176, 181, 27 S. Ct. 184, 51 L.Ed. 430

alleged in the Complaint was "a fatal blow to the complaint against Claflin." Mills, 178 F. Supp.2d at 7.

Since the LLC similarly played no role whatsoever in any of the events alleged in the Complaint, and in fact did not even exist until January 23, 2002, this Court should also rule that the LLC was fraudulently joined as a defendant to defeat diversity jurisdiction. As such, the Plaintiff's Motion for Remand must be denied.

### III. THE DEFENDANTS' REMOVAL WAS TIMELY.

The removal of a civil action from state to federal court is accomplished by filing a notice of removal within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. §1446(b). "Promptly after" the filing of the notice of removal, the defendant shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such state court. 28 U.S.C. §1446(d). In addition, pursuant to Local Rule 81.1, the party filing the notice of removal shall, within thirty (30) days of the filing of the notice, file in federal court certified or attested copies of all records and proceedings in the state court.

Each and every one of these steps was timely performed by the Defendants in this case. The Defendants were served with the Complaint on November 15 and 18, 2004, respectively. They timely filed their Notice of Removal on December 15, 2004. Affidavit of Counsel, at ¶¶3-4. Notwithstanding the Plaintiff's contention that the Notice of Removal was not "entered on the docket" until December 17, 2004, the Defendants have indisputable evidence that the filing timely occurred on December 15, 2004: (i) this Court's official docket certifies that the Notice of Removal was filed on December 15, 2004; and (ii) the time-stamp obtained by the Defendants

---

(1907); Mills, 178 F. Supp.2d at 6; Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir.

7

when the case was filed confirms the timely filing on December 15, 2004[7]. See <u>Affidavit of Counsel</u>, at Exhibits "A" and "B".

The shrill tone of Plaintiff's timeliness argument is surpassed only by its obvious erroneousness. The Plaintiff argues that because the *state court* did not enter the Notice of Removal on its docket until December 21, 2004, removal was not "effected" until that date; i.e., "six days too late." Plaintiff's citation to <u>Hyde Park Partners, L.P. v. Connolly</u>, 839 F.2d 837, 841-42 (1st Cir. 1988), for ostensible support for this novel proposition is inapposite. Not only did <u>Connolly</u> involve interpretation of a since-amended removal statute, but that decision carefully recognized the "peculiar removal procedures that transpired in th[at] chaotic flurry of litigation," which is not at all present here. <u>Id.</u>, 839 F.2d at 841. More importantly, <u>Connolly</u> did not even address, much less hold, that the removal procedures described must all be accomplished within thirty (30) days. Such a holding would have contradicted the very statute which the First Circuit was interpreting. That statute, 28 U.S.C. §1446(d), now provides that the corresponding filing of the Notice of Removal in state court should be accomplished "promptly after the filing of such notice of removal" in federal court. By omitting any reference to the "promptly after" language of §1446(d), in its argument, the Plaintiff presents an incomplete, self-serving, and rather disingenuous argument regarding the Defendants' compliance with the removal requirements.

---

1964);

[7] That the civil category sheet was separated from the package of materials filed on December 15, 2004 (which included the Notice of Removal (with exhibits); Civil Action Cover Sheet; a list of all counsel of record; the filing fee; and a certificate of service) hardly invalidated the filing of the notice of removal itself. The civil category sheet was provided the next morning. See <u>Affidavit of Counsel</u>, at ¶7. The Plaintiff has pointed to no authority -- and none exists -- to support its position that the notice of removal was untimely, even though it was filed on December 15, 2004, because the 1-page civil category sheet followed the next day.

8

The Defendants could not have been more "prompt" in filing the Notice of Removal in the state court the very day after it was filed in federal court. <u>Affidavit of Counsel</u>, at ¶8. Once again, the date of entry on the Superior Court docket is wholly irrelevant, as the filing unquestionably complied with §1446(d). Finally, and in compliance with Local Rule 81.1, the Defendants obtained from the state court and filed in this court on January 3, 2005 attested copies of the pleadings and docket entries. This filing occurred well within the thirty (30) days provided by Local Rule 81.1, even with the intervening holidays. Since the filing of the Notice of Removal and the "effecting" of the removal were performed in a timely manner in compliance with the governing rules and statutes, the Plaintiff's Motion for Remand must be denied.

## CONCLUSION

For the foregoing reasons, and particularly because: (i) complete diversity of citizenship exists among the parties; (ii) the Defendant LLC was fraudulently joined to defeat diversity jurisdiction; and (iii) the Notice of Removal was timely filed, the Plaintiff's Motion to Remand must be denied, with costs awarded to the Defendants.

Dated: January 28, 2005

BENTLY NEVADA LLC f/k/a BENTLY NEVADA CORPORATION LLC; and BENTLY PRESSURIZED BEARING COMPANY, f/k/a BENTLY NEVADA CORPORATION,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Joseph R. Valle, Jr. - BBO No. 550291
Craig J. Ziady - BBO No. 565216
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

9